## EDWARD BROWN *v.* ANDERSON MURPHEE.

WARRANTY BY MANUFACTURER.—A manufacturer impliedly warrants that machinery built by him will answer the purpose for which it was constructed ; and if it but imperfectly do so, he will not be entitled to recover the purchase money.

IN error from the Circuit Court of Noxuba county. Hon. John Watts, judge.

The plaintiff below sued the defendant in assumpsit for $200, which he alleged in his complaint the defendant owed him for his work and labor, in building a gin-house, running-gear, and cotton-press.

The defendant pleaded the general issue, and the cause was submitted to a jury, who found a verdict for plaintiff for $100. The defendant made a motion for a new trial, which, being overruled, he tendered his exception, and sued out this writ of error. It was proven in addition to the evidence set out in the opinion of the court, that the defendant, after having employed another

mechanic to repair certain portions of the work done by plaintiff, used the gin, and had ginned two crops of cotton for himself, and two for a neighbor on it; that he had also ground his corn for two years on the mill attached to the machinery of the gin.

*D. Shelton*, for plaintiff in error.

The principles of law which govern this case are familiar.

1. A mechanic who undertakes to do a piece of work, thereby impliedly undertakes that he will bring sufficient skill to complete it, so that it will answer the ends for which it is built; and if he fail therein, he is not entitled to recover on his contract. 1 Sm. & M. 381.

2. A person who has undertaken to do certain mechanical labor for a certain price, and fails to do it, either because of his want of skill, or because he abandons the contract before its completion, cannot recover for what he has done upon a *quantum meruit.* 2 Sm. & M. 585; 1 Ch. Pl. 313; 19 Johns. R. 212; Ib. 165; 1 Sm. & M. 387; 2 Stark. Evi. 943; 13 Johns. R. 56.

The foregoing principles are recognized in *Harrison* v. *Sale* as the general law applicable to these contracts, although that case seems to make an overseer's wages an exception to the principle in 6 Sm. & M. 634.

But even upon a *quantum meruit* the verdict of $100 could not be sustained. One witness swears that plaintiff's labor was worth nothing to Brown; that the timbers would have been more valuable if they had never been touched by Murphee. The other thinks his work was worth perhaps a third—that would be $66 66. There is not a pretence of evidence to support a verdict of $100.

*G. W. Chandler* and *J. J. Beauchamp*, for defendant in error.

FISHER, J., delivered the opinion of the court.

The plaintiff below brought this action in the Circuit Court of Noxuba county, to recover of the defendant below the sum of $200, which the complainant alleges the defendant agreed to pay for the construction of the machinery of a gin, press, and other work connected with the same.

The plaintiff introduced two witnesses; one proved that he heard the defendant say that he was to give the sum above named for the completion of the work; that the work was considered as completed: but when the defendant commenced using the gin, it was found to be worthless. This witness proves the work to have been of no value whatever. The other witness proves the work to have been worth one-third of the price agreed to be paid. The jury found a verdict upon this testimony for the plaintiff for $100; and the court, upon motion for a new trial, refused to disturb the verdict.

The testimony, considered in the most favorable light for the plaintiff, does not sustain the verdict. There was an implied warranty that the machinery would answer the purpose for which it was constructed. If it were either wholly worthless, or imperfectly answered the purpose of its construction, the plaintiff cannot pretend that he has performed his contract. The defendant in such case would unquestionably be the injured party. He not only loses his lumber and materials, but is delayed in getting his crop in a condition to send to market. We are, therefore, of opinion that the court erred in refusing the new trial.

Judgment reversed, new trial granted, and cause remanded.